**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| LESLIE SHAYNE MILLER-BASINGER, | ) | |
| individually and on behalf of | ) | |
| others similarly situated, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiff | ) | |
| | ) | **FLSA COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER** |
| | ) | **29 USC § 216(b)** |
| | ) | |
| vs. | ) | CASE NO.  2:15-CV-89 |
| | ) | |
| MAGNOLIA HEALTH SYSTEMS, INC., | ) | |
| | ) | |
| Defendant | ) | |

*PLAINTIFF'S CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR*
*DAMAGES*

Comes now the Plaintiff, Leslie Shayne Miller-Basinger ("Basinger"), by counsel, and

for her Class Action and FLSA Collective Action Complaint against the Defendant, Magnolia

Health Systems, Inc. ("Magnolia"), alleges and says:

*I.  STATEMENT OF THE CASE*

Basinger brings this class and collective action lawsuit against Magnolia to address class-

wide wage and hour violations committed by Magnolia against its employees.  Basinger will

serve as class representative of current and former employees of Magnolia who were victims of

Magnolia's class-wide wage violations.

Specifically, Magnolia requires its employees to submit to drug screens and medical

examinations after making an offer of employment.  Magnolia does not pay its employees for

this work-required time spent in the drug screens and medical examinations.  Moreover,

Magnolia illegally deducts the costs of the drug screens and medical examinations from its

employees' wages.  Magnolia's failure to pay wages to its employees for time spent in drug screens and medical examinations is a violation of both the Fair Labor Standards Act ("FLSA") and Indiana's wage statutes.  The pay roll deductions Magnolia takes from its employees to cover the costs of the drug screens and medical examinations constitute violations of Indiana law, as they violate Indiana's Wage Assignment Statute, I.C. 22-2-6-2, and result in the underpayment of wages in violation of the Indiana Wage Payment Statute, I.C. 22-2-5,[1] the Indiana Wage Claims Statute, I.C. 22-2-9, and/or Indiana law governing breach of contract. Those same illegal deductions for the cost of drug screens and medical examinations violate the Fair Labor Standards Act ("FLSA"), particularly as the deductions cause overtime violations, because Magnolia is violating the FLSA's rule that wages (including payment of an overtime wage) must be paid free and clear, unconditionally, and not subject to any kickbacks.

Basinger's class and collective action claims based upon Magnolia's illegal uniform wage deductions and its failure to pay wages for work-required time spent in drug screens and medical examinations are perfect for class treatment and will be easy to prove.  For example, Magnolia's wage violations tied to its illegal wage deductions will be shown on the face of its pay stubs to employees.

## II.  FACTUAL ALLEGATIONS

1.      Basinger is a resident of the State of Indiana, and is domiciled in Shelburn, Sullivan County, Indiana.  Basinger was hired by Magnolia on or about February 10, 2014 to work as a licensed practical nurse at its Breckenridge Nursing Home in Sullivan, Indiana.  She continued as an employee until she was involuntarily terminated on or about December 16, 2014.

---

[1]The Plaintiff Class does not at this time have a class representative for those entitled to make a recovery of the liquidated damages available under the Indiana Wage Payment Statute, I.C. 22-2-5. Basinger's claim arises under the Indiana Wage Claims Statute, I.C. 22-2-9.

2.      Upon information and belief, Magnolia is an Indiana corporation that owns and/or operates multiple nursing homes throughout the State of Indiana.

3.      As a condition of employment, Magnolia requires its employees to submit to a drug screen and medical examinations.  The drug screens and medical examinations (a physical) are performed after the employee is given a job offer, but before the employee begins his/her official job duties.  Basinger was required to submit to a drug screen, a separate physical (medical examination) performed by Magnolia's company physician, and a separate medical examination at the local hospital.  Basinger was not paid wages by Magnolia for the hours she spent in the drug screens and medical examinations.

4.      In the same way, Magnolia does not pay any of its employees for the time each spends in Magnolia-required drug screens and medical examinations.  The time spent by an employee in employer-required drug screens and medical examinations is work and is compensable.

5.      Magnolia subjected Basinger and all of its newly hired employees to illegal wage deductions for the cost of drug screens and medical examinations.  As an example, on Basinger's pay roll records, the illegal deduction for the costs of drug screens was taken over a period of months from multiple pay checks.  The deduction taken from Basinger was in the amount of $8.59 per pay period, with a descriptive entry "Deduction 027 Cost Schedul."  Over the course of Basinger's employment, Magnolia deducted the total sum of $171.80 in this category it called "Deduction 027 Cost Schedul."  Upon information and belief, Magnolia took these same or similar deductions from each newly hired employee to cover Magnolia's own cost of the drug screen and medical examination.

6.      Basinger is specifically alleging that Magnolia has taken illegal deductions in

violation of the Indiana Wage Assignment Statute, I.C. 22-2-6-2, and in so doing, Magnolia has failed and refused to pay Basinger and each and every other similarly situated employee his/her wages in full in each and every week Magnolia took one of these pay roll deductions for the cost of drug screens and medical examinations.

7.      Magnolia actually includes an entry in its employee handbook where it tells employees that required physical examination and Mantoux test charges will be at the expense of the employee.

8.      Magnolia has no legal authority to dock the wages of its employees to cover Magnolia's own business expenses for drug screens and medical examinations, nor did Magnolia have signed, written authority from its employees, including Basinger, which complies with I.C. 22-2-6-2 and would allow Magnolia to dock its employees' wages to cover costs for drug screens and medical examinations.

9.      Magnolia intentionally and knowingly violated its employees' rights to earned wages through Magnolia's illegal wage docking practices and its illegal failure to pay employees wages for time spent participating in drug screens and medical examinations.

10.     In Basinger's case, as has been true in the cases of many current and former Magnolia employees, Magnolia has failed and refused to make a payment of all accrued wages, particularly illegally docked wages and underpaid wages, and more than 20 days have passed since the last date Magnolia could have made payment of these wages without penalty under Indiana Law.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

11.     Basinger incorporates herein by reference paragraphs 1 - 10 above.

12.     Basinger is pursuing claims individually, but this Complaint is brought also as a

collective action and as a class action on behalf of other current and former Magnolia employees who were similarly denied payment of wages and overtime compensation under Magnolia's compensation scheme that involved illegal wage deductions and the failure to pay wages for work time spent participating in employer-mandated drug screens and medical examinations.

13.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Basinger and all Magnolia current and former employees who were damaged by Magnolia's compensation system which required and resulted in illegal wage deductions and uncompensated work by Magnolia employees.  By virtue of the "collective action," Basinger represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance. Basinger anticipates that other Magnolia employees and former employees will opt in to the action.

14.     With respect to FRCP 23(b)(3) class action claims, Basinger will serve as class representative over a class, which will be as follows:

Basinger will serve as class representative for the class-wide claims brought under the Indiana Wage Claims Statute (if, and to the extent, possible) and Indiana law for breach of contract related to non-payment of wages.  This Court has supplemental jurisdiction over Basinger's Indiana statutory wage claim and breach of contract claim.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Basinger and on behalf of all eligible Magnolia current and former employees who have at least a claim for breach of contract under Indiana law because each was damaged by Magnolia's compensation system which required and resulted in illegal wage deductions and uncompensated work performed by employees.  By virtue of the

class action, Basinger represents the identical and/or similar interests of former and
current coworkers who were denied wages under the same circumstances.

15.     The number of Magnolia's current and former employees who will be members of
this collective action/class action is so great (numerosity) that joinder of all members is
impractical.  Instead, Basinger will pursue discovery to obtain the names of the other current and
former Magnolia employees, to provide notice of the collective action, and to offer the opt in
opportunity, and to provide notice of the class action and to offer the opt out opportunity.

16.     Particularly with the types of wage claims and practices at issue in this case, there
are questions of law and fact that are common to the entire collective group/class.

17.     Basinger's claims are typical of the claims of the whole collective group of
current and former Magnolia employees harmed by Magnolia's illegal wage practices.
Basinger's claims are typical of the claims of the whole class of current and former Magnolia
employees harmed by Magnolia's illegal wage practices.

18.     Basinger will act to fairly and adequately protect the interests of the entire
collective group of current and former Magnolia employees.  Basinger will act to fairly and
adequately protect the interests of the entire class of current and former Magnolia employees.

19.     A "combined"[2] collective action/class action is superior to other available means
for the fair and efficient prosecution of these wage claims against Magnolia.  For example, to
prove Magnolia's illegal wage practices, Basinger and other members of this collective
group/class would seek in discovery records about all similarly situated current and former
Magnolia employees who were similarly denied earned wages and overtime compensation under
Magnolia's compensation system which required and resulted in illegal wage deductions and

---

[2]See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

uncompensated work.  Individual lawsuits by the members of the collective group/class could

lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3)

competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve

a result which would have bearing on all of the other individuals in the group.

20.     A determination regarding the "similarness" of those able to participate in the

collective action/class action would also allow litigation of claims that may not otherwise be cost

effective, depending upon the amount of each individual group member's damages.  Particularly

with the type of FLSA and Indiana statutory and contractual wage violations at issue in this

litigation, some, if not most, of the individual group members may not be aware of their rights to

their wages under the FLSA and Indiana law, or may not, because of financial means or

experience, be in a position to seek the assistance of counsel to commence individual litigation.

21.     A combined collective action/class action will result in an orderly and expeditious

administration of the group members' claims, and economies of time, court resources, effort and

expense, and uniformity of decisions will be assured.

22.     Because Magnolia's compensation system which required and resulted in illegal

wage deductions and uncompensated work results in wage violations that trigger issues of both

federal and state law, this cause of action presents the ideal factual scenario supporting the

Court's exercise over the supplemental state law claims, as common state and federal law issues

predominate.

### IV.  JURISDICTION AND VENUE

23.     This Court has jurisdiction over Basinger's FLSA claims under 28 USC § 1331 as

those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.   The Court has

supplemental jurisdiction over Basinger's Indiana law claims, which have a common basis in

fact with Basinger's own and the other Plaintiff class members' FLSA claims.

24.     This Court is the appropriate venue for this cause of action as Basinger worked for Magnolia at its Sullivan County, Indiana nursing home and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1367.

## V.  STATEMENT OF CLAIMS

### A.  FAIR LABOR STANDARDS ACT CLAIMS

25.     Basinger incorporates herein by reference paragraphs 1 through 24 above.

26.     Magnolia is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Magnolia is an "employer," as that term is defined by the FLSA.  See 29 USC § 203(d).

27.     Magnolia has violated Basinger's rights and the rights of all members of the Plaintiff Class to be properly paid minimum wages and overtime wages in a manner required by the FLSA.  Magnolia has taken illegal wage deductions which violate the FLSA's free and clear, no kickback rule, causing overtime violations in weeks in which Basinger and their similarly situated coworkers worked more than forty (40) hours in a calendar week.  Magnolia has committed both minimum wage and overtime violations by failing to pay Basinger and her similarly situated coworkers for all hours of work, particularly as Magnolia has underpaid wages based upon its failure and refusal to pay wages for work time spent in drug screens and medical examinations.

28.     Magnolia has repeatedly violated the FLSA's overtime provisions by not paying Basinger and members of the Plaintiff Class at the full required overtime compensation rate for all hours worked over 40 in a work week.

29.     Magnolia has repeatedly violated the FLSA's minimum wage provisions by not

paying Basinger and members of the Plaintiff Class for all compensable work time and at the required minimum wage rate.

30. Magnolia's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification, and subjects Magnolia to a three year statute of limitations.

31. Basinger and the Plaintiff Class seek all available damages, including unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Magnolia's violations of their rights under the Fair Labor Standards Act.

**B. Indiana Breach of Contract and Indiana Wage Claims Statute Claims (With Basinger as Class Representative)**

32. Basinger incorporates herein by reference paragraphs 1 through 24 above.

33. Basinger was involuntarily terminated from employment by Magnolia. As such, Basinger's wage claims to recover illegally deducted amounts and unpaid and underpaid wages (particularly based upon Magnolia's wage scheme whereby it fails and refuses to pay employees for work time spent in drug screens and medical examinations) arise under the Indiana Wage Claims Statute, I.C. 22-2-9. Basinger obtained a letter from the Indiana Attorney General's Office dated January 8, 2015 which permits her attorney to file this wage claim on Basinger's behalf as the Indiana Attorney General's "designee." To the extent the Court permits her to do so and other similarly situated (and involuntarily terminated) coworkers can obtain similar Indiana Attorney General "designee" status for Class Counsel (Basinger's attorney), Basinger will serve as a class representative for claims raised on behalf of similarly situated (and involuntarily terminated) coworkers who were subjected to illegal wage deductions and underpaid wages.

34.     Regardless of the application of the Indiana Wage Claims Statute, Magnolia breached its contractual promise to pay employees wages when it took illegal deductions and underpaid wages owed to its employees.  Those failures to pay wages in full, committed against Basinger and all class members constitute class-wide breaches of contracts.  Basinger can serve as class representative for all class members who, at least, each have a claim for breach of contract based upon illegally deducted wages and underpaid wages.

35.     By way of this Claim, Basinger is seeking, individually and on behalf of members of this Plaintiff Class of current and former Magnolia employees all available damages, including all unpaid wages, all underpaid wages, all illegally deducted wages, any available liquidated, punitive and/or treble damages, all attorney's fees, costs and expenses, plus any other damage to which Basinger and her fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Basinger is seeking, individually and on behalf of members of this Plaintiff Class of involuntarily terminated coworkers, payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

36.     Additionally, Basinger is specifically asserting and alleging that Magnolia is her "employer" and the employer of all Plaintiff Class members, as the term "employer" is defined under the Indiana Wage Claims Statute.

37.     Magnolia has breached its contract with Basinger and all of its employees by failing to pay his wages in full (underpaying wages due to illegal wage deductions and failure to pay wages for time spent in drug screens and medical examinations).

38.     With the breach of contract claim, Basinger seeks all available damages for

herself and all members of this class of current and former Magnolia employees.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Basinger respectfully requests that the Court enter judgment against Magnolia and issue all available relief to her and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid, underpaid and illegally deducted wages;

3. All statutory damages under I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, including, but not limited to, all treble damages, costs, and statutorily authorized damages;

4. All reasonable attorney's fees and expenses;

5. An incentive award paid to Basinger to compensate her for her service to the class;

6. Costs;

7. An injunction effective to prevent Magnolia from continuing its unlawful wage practices which violate the Indiana Wage Payment Act and Indiana Wage Claims Act, including all policies/practices whereby Magnolia takes illegal wage deductions and all policies/practices which result in Magnolia's failure to pay to its employees earned wages for all hours of compensable work;

8. Prejudgment interest, if available; and

9. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, LORENZ & KONDRAS LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net