UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **LESLIE SHAYNE MILLER-BASINGER,** individually and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 2:15-cv-00089-WTL-DKL<br>) |
| **MAGNOLIA HEALTH SYSTEMS, INC., MAGNOLIA HEALTH MANAGEMENT, LLC, and STUART REED,** | )<br>)<br>)<br>) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO EQUITABLY TOLL THE LIMITATIONS PERIOD FOR PUTATIVE COLLECTIVE ACTION MEMBERS

This cause is before the Court on Plaintiff Leslie Shayne Miller-Basinger's ("Miller-Basinger") motion to equitably toll the limitations period for putative collective action members to this lawsuit's Fair Labor Standards Act ("FLSA") claims [Dkt. No. 18]. This motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons, and to the extent, set forth below.

### I.     BACKGROUND

Miller-Basinger alleges violations of the Fair Labor Standards Act ("FLSA"). She brings these claims as a collective action under 29 U.S.C. § 216(b), allowing an employee to bring a lawsuit on behalf of all similarly situated employees. She also alleges violations of the Rehabilitation Act, state minimum wage and overtime laws, and a state-law breach of contract claim, all of which she brings as class action claims under Federal Rule of Civil Procedure 23(b)(3). Miller-Basinger filed this lawsuit on March 30, 3015. At the same time, she filed a Motion to Certify Class Action and FLSA Collective Action and a motion to stay this Court's

ruling on that motion. Originally, Miller-Basinger named Magnolia Health Systems, Inc. ("MHS") as the only defendant in this case. During a status conference on May 6, 2015, MHS denied employing Miller-Basinger. *See* Dkt. No. 21 at 2. At that time, the Court ordered the commencement of discovery related to determining Miller-Basinger's proper employer. *See* Dkt. No. 15; Dkt. No. 19 at ¶ 3. On June 17, 2015, Miller-Basinger filed the instant motion. On August 20, 2015, Miller-Basinger filed an amended complaint (Dkt. No. 30), adding as defendants Magnolia Health Management, LLC, and Stuart Reed.[1]

## II. FLSA COLLECTIVE ACTIONS

The FLSA requires that an action "be commenced within two years after the cause of action accrued" unless the violation was willful, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). FLSA actions commence as follows:

> on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced in the case of any individual claimant – (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. An individual can join the collective action only by consenting to become a participant. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771-72 (7th Cir. 2013) (comparing requirement that FLSA collective action plaintiffs must

---

[1] For purposes of this Entry, the Court refers to MHS, Magnolia Health Management, LLC, and Stuart Reed collectively as Defendants and to MHS separately because, at the time of briefing related to this motion, it was the only defendant in this lawsuit.

opt in to action with procedure of opting out of class actions governed by Fed. R. Civ. P. 23); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) (same).

### III.  DISCUSSION

Miller-Basinger requests that the doctrine of equitable tolling apply to the putative FLSA collective action members so that the statute of limitations does not run to bar their claims. She argues that the statute of limitations should be tolled because MHS "intends to argue that it is not the actual employer of [Miller-Basinger]," Dkt. No. 19 at 1, and that discovery related to determining the proper defendants "has delayed any ruling upon [Miller-Basinger]'s Motion to Certify Combined Class Action and FLSA Collective Action . . . which was filed on the same day Basinger filed her Complaint," *id.* at 2.[2] Miller-Basinger argues that "[t]his delay causes unfair prejudice to those potential class members who will receive Notice of the lawsuit and will wish to opt in." *Id.* She further argues that the statute of limitations should be tolled "from the original March 30, 2015 date [Miller-Basinger] filed her motion to certify an FLSA collective action . . . until such time after the Court can rule on that Motion to Certify FLSA Collective Action and Defendant provides a list of names and addresses of potential opt-in plaintiffs." *Id.* at 6. At the time Miller-Basinger filed her reply brief on July 17, 2016, she had requested, but not yet received from Defendants, the names and addresses of potential collective action plaintiffs. Dkt. No. 24 at 2.

---

[2] It does not appear to the Court that Miller-Basinger was concerned about potential prejudice to putative collective action members when she actively sought to stay the Court's ruling on her Motion to Certify Class Action and FLSA Collective Action. Indeed, she moved to stay the Court's ruling on that motion at the same time as she filed the motion and her original complaint, *i.e.*, before MHS raised its argument that it did not employ her. *See* Dkt. No. 4. She also requested a hearing at that time "so that the parties can address the discovery and briefing issues to the Court and so that the Court can schedule necessary deadlines," *id.*, which would itself delay proceedings.

3

In response, MHS argues the Court does not have jurisdiction to toll the statute of limitations as to parties who have not yet consented to the lawsuit. Dkt. No. 21 at 4. MHS cites to *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986), which vacated as premature a lower court's decision to toll the statute of limitations with respect to individuals to whom notice of the FLSA collective action would be sent. In that case, the court reasoned that tolling the statute of limitations would require the court to issue an advisory opinion and "general principles derived from the 'case or controversy' requirement of Article III, Section 2, Clause 1 of the U.S. Constitution [leave] a federal court [] without power to give advisory opinions, because such opinions cannot affect the rights of the litigants in the case before it." *Id.*; *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (discussing advisory opinions in FLSA context).

Although Miller-Basinger responded to this argument by citing cases in which various courts have tolled the statute of limitations to avoid prejudice to potential FLSA collective action plaintiffs (*see* Dkt. No. 24 at 2-3), the Court agrees with MHS. It is premature for this Court to toll the statute of limitations for potential plaintiffs because doing so would require the Court to issue an advisory opinion, which would impermissibly "address[] the rights of parties not before the Court." *See, e.g.*, *Weil v. Metal Tech., Inc.*, No. 2:15-cv-00016-JMS-DKL, 2015 WL 5827594, at *2 (S.D. Ind. Oct. 6, 2015) (denying for the same reasons motion to equitably toll the statute of limitations for putative FLSA collective action members).

Non-parties to a collective action are not subject to claim preclusion. *Tice v. American Airlines, Inc.*, 162 F.3d 966, 973 (7th Cir. 1998) (given opt-in nature of collective actions under 29 U.S.C. § 216(b), claim preclusion not applicable to ADEA plaintiff who did not consent to earlier suits challenging same policy at issue in his case); *see also McElmurry v. U.S. Bank Nat.*

*Ass'n*, 495 F.3d 1136, (9th Cir. 2007). "[G]iving notice to potential plaintiffs of a collective action has less to do with the due process rights of the potential plaintiffs and more to do with the named plaintiffs' interest in vigorously pursuing the litigation and the district court's interest in managing collective actions in an orderly fashion." *Id.* (internal quotation omitted). To be sure, any putative collective action member may protect her interests and avoid prejudice by filing a new FLSA lawsuit or consent in this lawsuit, if she so desires.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Miller-Basinger's Motion to Equitably Toll the Limitations Period for Putative Collective Action Members [Dkt. No. 18].

SO ORDERED: 2/22/16

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana